No. 404

BACH, Admr. v. BAKER

No. 20259. Supreme Court

On motion to certify. Dock. 1-7-27, 5 Abs. 28.

465. ERROR—May a reviewing court, after it had found claimed incompetent evidence was allowed by the trial court to go to jury, find that this evidence was not prejudicial?

This action was brought by John Baker against Adam Bach, as administrator de bonis non, of the estate of Adeline Gramlich, deceased, to recover on a promissory note in the sum of $1460, with interest at 6% from April 29th 1912. Three defenses were filed, putting in issue the execution and delivery of the note, failure of consideration and a plea of payment. The case was tried in the Monroe Common Pleas, and resulted in a verdict in favor of Baker in the sum of $2664.50.

A letter which was written by Baker, which was offered in evidence stated that the consideration for this note was money which he had furnished to Adeline Gramlich during her lifetime to make a settlement with the heirs of her deceased husband. The evidence showed that some other parties had joined with him in furnishing this money, and that the other parties furnishing money for this purpose had been re-paid the sum of about $1000.

There was but very little, if any conflict in the evidence as to the purpose for which Baker claimed this money was furnished. The trial court permitted Baker to offer evidence showing that Adeline Gramlich, the decedent, made her home with the Bakers and Mrs. Baker's mother for one year without showing or attempting to show any promise, either expressed or implied, to pay for the same. Plaintiff was further permitted to offer evidence showing that his wife did some washing for decedent and without showing any promise, either expressed or implied, to pay for said service. The plaintiff was further permitted to show services performed by himself after the note was given, all of this over the objection of the defendant. The case went to the jury, and the jury ignored the undisputed testimony as to the payment and found in favor of plaintiff for the full amount claimed. The Court of Appeals held that the admission of the evidence above referred to was not prejudicial and affirmed the judgment of the Common Pleas Court.

Attorneys—Moore, DeVaul & Moore for Bach; Matz & Matz and F. W. Ketterer for Baker; all of Woodsfield.

Note—Motion to certify overruled; 2-15-27, 5 Abs. 106.

---

No. 405

ARNOLD v. WYLY

No. 20378. Supreme Court

On motion to certify. Dock. 3-9-27, 5 Abs. 170.

941. PRACTICE & PROCEDURE—Where request of defendant to give special instructions is granted, is the court thereafter, of its own motion, warranted in explaining same to the jury?

This action started in the Licking Common Pleas, under the following style, Chalmers Wyly, plaintiff vs. William H. Arnold, defendant; and was an action for damages for criminal conversation in the sum of $10,000. In the trial court, the plaintiff secured a judgment for $3063.33. This was affirmed in the Court of Appeals, and a motion to certify was filed in the Supreme Court.

The plaintiff in error is basing his claim on one point of error. The defendant in error below asked for special instructions to the jury before argument which special instructions were given by the Court exactly as requested. The Court of his own motion then proceeded to explain the special instructions to the jury, and it is on this point that the contention is made.

Attorneys—Mitchell & Kreider for Arnold; Johnson & Johnson for Wyly; all of Newark.